**FIRST NATIONAL BANK OF PAONIA, Plaintiff,**

v.

**K.N.J., INC., a Colorado corporation, Defendant,**

and

**Cecil Farnsworth, d/b/a Farnsworth Construction Company, and Joe Fisher, Defendants–Appellees,**

and

**United States for the Use of Advanced Pipe and Supply; Engineering and Construction Products, Inc.; Inland/Riggle Oil Company; Trustees of the Colorado Cement Masons Pension Trust Fund; Trustees of the Colorado Cement Masons Apprentice Trust Fund; Trustees of the Colorado Cement Masons Vacation Trust Fund; Trustees of the Colorado Laborers Health & Welfare Trust Fund; Trustees of the Colorado Laborers and Contractors Education and Training Trust Fund; Trustees of the Laborers National Pension Fund, and Trustees of the Colorado Laborers District Council Vacation Fund, Defendants–Appellants.**

**Nos. 92CA1798, 92CA1799 and 92CA1838.**

Colorado Court of Appeals, Div. V.

Oct. 21, 1993.

As Modified on Denial of Rehearing Dec. 2, 1993.

Cecil Farnsworth, pro se.

Williams, Turner & Holmes, P.C., Thomas C. Volkmann, Grand Junction, for defendant-appellee Joe Fisher.

No appearance for U.S.

Michael J. Mirabella, Lakewood, for defendants-appellants Advanced Pipe and Supply, and Engineering and Const. Products, Inc.

Jules Ornstein and Simon E. Rodriguez, Denver, for defendant-appellant Inland/Riggle Oil Co.

Gorsuch, Kirgis, Campbell, Walker and Grover, Timothy J. Parsons, David B. Seserman and Dean C. Heizer, Denver, for defendants-appellants Trustees of the Colorado Cement Masons Pension Trust Fund; Trustees of the Colorado Cement Masons Apprentice Trust Fund; Trustees of the Colorado Cement Masons Vacation Trust Fund; Trustees of the Colorado Laborers Health & Welfare Trust Fund; Trustees of the Colorado Laborers and Contractors Educ. and Training Trust Fund; Trustees of the Laborers National Pension Fund, and Trustees of the Colorado Laborers Dist. Council Vacation Fund.

Opinion by Judge HUME.

In this interpleader action concerning the distribution of funds on a United States Forest Service contract, defendants, Advanced Pipe and Supply, Inc. (APS), Engineering and Construction Products, Inc. (ECPI), Inland/Riggle Oil Company (Inland), Trustees of the Colorado Cement Masons Pension Trust Fund, and several other trust fund entities (Trustees) filed separate appeals from a summary judgment in favor of defen-

dants Joe Fisher and Cecil Farnsworth d/b/a Farnsworth Construction Company (Farnsworth). The judgment gave Fisher and Farnsworth a prior right to all funds interpled into court superior to the rights of appellants and other intervenors. The separate appeals have been consolidated by order of this court. We affirm in part and reverse in part.

In April 1989, defendant, K.N.J., Inc. (KNJ), a Colorado corporation, and the Forest Service entered into a contract for an improvement on Stevens Gulch Road in Delta County. KNJ hired various subcontractors to supply materials and services for the project, including defendants APS, ECPI, and Inland. Each of these subcontractors has a judgment against KNJ related to this project. The Trustees also have a judgment against KNJ, although stemming from obligations unrelated to the Stevens Gulch Road project.

■ Because the Stevens Gulch Road project was a contract for improvements upon federal lands, the Miller Act, 40 U.S.C. § 270a, et seq. (1988), applies. The purpose of the Miller Act is to provide security for those who furnish labor and material in the performance of government contracts. *Fanderlik–Locke v. United States ex rel. Morgan*, 285 F.2d 939 (10th Cir.1960).

Here, subcontractors APS and ECPI supplied materials for the project. They made several attempts to collect from KNJ or its sureties. When those attempts failed, APS and ECPI filed suit against KNJ and its sureties in federal district court under the Miller Act.

One month later, on September 19, 1990, KNJ contracted with Farnsworth for crushed gravel needed to complete the Stevens Gulch Road project. Because Farnsworth was concerned with the financial reliability of KNJ, their agreement provided that payments made by the Forest Service under its contract with KNJ would be made to the First National Bank of Paonia (Bank). KNJ assigned its rights to the Forest Service progress payments to the Bank. By agreement, the Bank would pay Farnsworth "before any other amounts [we]re paid to any other person or entity."

In early July 1991, KNJ contracted with Fisher, who was to work with Farnsworth in completing the project. The September 1990 agreement between KNJ and Farnsworth was amended so that the Bank would distribute funds received from the Forest Service first to Farnsworth, then to Fisher, and any excess to KNJ and KNJ's owner. By July 15, 1991, the Bank had received from the Forest Service and disbursed approximately $176,000 to Fisher and Farnsworth.

On December 20, 1991, APS and ECPI filed a motion for summary judgment in their Miller Act suit against KNJ and its surety. This motion was granted on February 7, 1992. Only six days later, the Forest Service issued its final check on this project to the Bank. By this time, the Bank was on notice that several parties, including the Trustees, who had issued a writ of garnishment on the Bank, claimed a right to the fund. As a result, the Bank filed this interpleader action and paid into court the sum of $71,396.86.

Fisher and Farnsworth filed a motion for summary judgment in the interpleader action, claiming that their contractual relationship with KNJ and the Bank entitled them to a prior right to the funds. On the information available, the trial court determined "that Fisher entered into the contract with KNJ in reliance on this arrangement . . . and that in the absence of such an arrangement to assure payment for his services, he would not have contracted to haul the gravel." Accordingly, it granted Fisher's and Farnsworth's motion for summary judgment. The remaining defendants initiated the appeals that are now consolidated here, all claiming a right to the funds interpled into court.

## I.

■ Defendants APS and ECPI contend that, as a matter of law, their Miller Act judgment and their equitable lien as material suppliers or laborers are superior to the rights of the other claimants and that, therefore, summary judgment in favor of Fisher and Farnsworth was improper. We agree that summary judgment in favor of Fisher and Farnsworth was inappropriate.

■ Summary judgment is a drastic remedy and is never warranted except on a clear showing that there exists no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Churchey v. Adolph Coors Co.*, 759 P.2d 1336 (Colo.1988).

■ Under the Miller Act, a general contractor is required to furnish sufficient bond to insure payment in full for all materials and labor supplied. *See* 40 U.S.C. § 270a. If a subcontractor is not paid, the subcontractor may sue the contractor's surety on the payment bond. *See, e.g., United States ex rel. B's Co. v. Cleveland Electric Co.*, 373 F.2d 585 (4th Cir.1967).

APS and ECPI were awarded summary judgment on their Miller Act claim and should have been paid by the surety out of the payment bond funds. The surety was unable to pay their claims. That judgment, however, does not give APS and ECPI priority over other material suppliers and laborers here who are pursuing equitable remedies.

■ In addition to a remedy under the Miller Act, a material supplier or laborer holds an equitable lien in any earned, yet unpaid contract funds. *Active Fire Sprinkler Corp. v. United States Postal Service*, 811 F.2d 747 (2d Cir.1987). Such a lien is superior to the rights of general creditors of the contractor and any assignees of the contractor. *See National Surety Corp. v. United States*, 133 F.Supp. 381 (Ct.Cl.1955); *Martin v. National Surety Co.*, 85 F.2d 135 (8th Cir.1936), *aff'd*, 300 U.S. 588, 57 S.Ct. 531, 81 L.Ed. 822 (1937).

■ Under equitable principles, the question of priority of claimants turns upon the respective equities of the parties. *See Henningsen v. United States Fidelity & Guaranty Co.*, 208 U.S. 404, 28 S.Ct. 389, 52 L.Ed. 547 (1908).

Here, Fisher and Farnsworth are both subassignees and subcontractors of KNJ. They argue that those cases which gave priority to a material supplier or laborer over an assignee or subassignee are distinguishable because they did not involve an assignee who was also a material supplier or laborer. However, we agree with APS and ECPI that Fisher and Farnsworth cannot have it both ways. If they are simply subassignees, both their subassignment and the assignment to the Bank are subordinate to the equitable rights of APS and ECPI. *See McClary v. Midland Land & Development Co.*, 109 F.Supp. 847 (E.D.Tenn.1952); *Active Fire Sprinkler Corp. v. United States Postal Service, supra*. As material suppliers and laborers, however, Fisher and Farnsworth would be entitled to a pro rata share of the funds generated by the project. *See generally McClary v. Midland Land & Development Co., supra; Kennedy Electric Co. v. United States Postal Service*, 508 F.2d 954 (10th Cir.1974).

We conclude that Fisher's and Farnsworth's status as material suppliers or laborers is the relevant status here at issue and puts them on a par with APS and ECPI. Therefore, we reject APS's and ECPI's argument that they should prevail over Fisher and Farnsworth.

■ Next, we must determine whether this equitable right extends to the interpled funds in this case.

■ The equitable right of material suppliers and laborers extends to money payable under the contract that is still in the hands of the United States. *National Surety Corp. v. United States, supra; In re Dutcher Construction Corp.*, 378 F.2d 866 (2d Cir.1967). That equitable right also extends to money in the hands of the general contractor or third parties who are not material suppliers or laborers. *See Martin v. National Surety, supra* (payment to attorney in fact); *In re Dutcher Construction Corp., supra* (payment to trustee in bankruptcy); *Kennedy Electric v. United States Postal Service, supra* (payment to assignee bank).

Here, we conclude that the funds are available to material suppliers and laborers who have an equitable lien.

Thus, because Fisher and Farnsworth did not have priority with respect to other subcontractors, they were not entitled to summary judgment for the entire fund as a matter of law. On remand, the trial court must determine whether they are entitled to a

straight pro rata share or a pro rata share after an accounting for the sums they have already received. *See generally McClary v. Midland Land & Development Co., supra; Kennedy Electric Co. v. United States Postal Service, supra; Martin v. National Surety Co., supra.*

## II.

Inland also appeals from the summary judgment. Several arguments raised by Inland mirror those asserted by APS and ECPI, and we will not address those further.

■ In addition to its judgment against KNJ, Inland asserts that a personal guaranty given by KNJ's owner which stated that KNJ would pay Inland within five days after receipt of proceeds from the Forest Service is actually an assignment. Inland argues that this assignment confers a right superior to that of Farnsworth and Fisher. We disagree.

We agree with the trial court that there is "nothing in the language of the personal guaranty which constitutes an assignment of said proceeds." Further, a mere contractual relationship, as explained in part I, would not elevate Inland's claim above that of other material suppliers or laborers. Rather, Inland stands in the same position as other suppliers of labor and materials for the project with respect to the funds which have been impleaded in this case.

## III.

■ The Trustees, who claim entitlement to the funds based solely on a judgment unrelated to the project, also appeal the summary judgment. The Trustees contend that their writ of garnishment, served on the Bank on September 3, 1991, entitles them to priority over Fisher and Farnsworth. We disagree.

Here, the equitable liens of the subcontractors and material suppliers had become vested prior to service of the writ upon the Bank. *See Philadelphia National Bank v. McKinlay,* 72 F.2d 89 (D.C.Cir.1934); *Active Fire Sprinkler Corp. v. United States Postal Service, supra; National Surety Corp. v. United States, supra.* And, the Trustees have not advanced any argument as to why they are entitled to a priority date earlier than the date of service of the writ.

■ As discussed in part I, material suppliers and laborers have equitable priority over general creditors and judgment creditors of the contractor. *See National Surety Corp. v. United States, supra.* Thus, the Trustees' claims are subordinate to those of APS, ECPI, and all other material suppliers or laborers who hold an equitable lien against the funds.

Accordingly, the judgment is reversed to the extent that it granted summary judgment for Fisher and Farnsworth against APS and ECPI. The judgment is affirmed with respect to Inland's claim based on the personal guaranty from KNJ's owner. The judgment is also affirmed with respect to the Trustees' claim. Finally, the cause is remanded for further proceedings consistent with the views expressed in this opinion.

DAVIDSON and BRIGGS, JJ., concur.